UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ALFONSO VILLALOBOS,

        Plaintiff,

v.

STATE OF NEVADA, *et al.*,

        Defendant.

Case No. 2:18-cv-01261-RFB-PAL

**ORDER**

This action, filed by Alfonso Villalobos ("Plaintiff"), was commenced on July 10, 2018 with an Application for Leave to Proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and attached Complaint. (ECF Nos. 1 & 1-1). Plaintiff is proceeding *pro se*.

Plaintiff has submitted the Affidavit required by § 1915(a), and demonstrates an inability to prepay fees or costs or give security for them. (ECF No. 1). Therefore, the request to proceed *in forma pauperis* is granted.

The Court will now screen Plaintiff's Complaint. (ECF No. 1-1). Upon granting a request to proceed *in forma pauperis*, the Court must additionally screen the Complaint pursuant to § 1915.[1] Federal courts may dismiss actions that are "frivolous or malicious," that fail to state a claim upon which relief may be granted, or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under §

---

[1] The screening requirement is not limited to prisoner actions. See, e.g., Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners").

1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court additionally has a duty to ensure that it has subject matter jurisdiction over the disputes before it. See Fed. R. Civ. P. 12(h)(3); see also Kwai Fun Wong v. Beebe, 732 F.3d 1030, 1036 (9th Cir. 2013) (citations omitted) (finding that the Court has a *sua sponte* obligation to ensure subject matter jurisdiction). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

In this case, Plaintiff alleges federal jurisdiction under Section 1983.[2] To state a claim under section 1983, a plaintiff must allege that a right secured by the Constitution has been violated, and the deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988) (citation omitted). Plaintiff's Complaint does not allege any specific facts giving rise to a Section 1983 violation conducted by any of the Defendants identified. He does not provide any facts to show that any Defendant acted under color of law to violate his rights. Plaintiff therefore fails to state a claim for a Section 1983 violation.

The Court also finds that the facts Plaintiff does allege appear to amount to an employment issue governed by state law. He alleges facts related to quitting his job and a job interview. The Court does not find that these allegations constitute a Section 1983 claim, and even construed liberally, do not invoke a federal question at all. Further, to the extent Plaintiff appeals or objects to a determination made by state court officials pursuant to state law, there is no basis for federal jurisdiction as Plaintiff does not allege that this state court determination involved federal law. As the claims arise under state law and Plaintiff does not allege diversity of citizenship, there is no federal question jurisdiction under 28 U.S.C. § § 1331 or 1332.

---

[2] In his Complaint, Plaintiff includes a litany of constitutional provisions and federal statutes as the basis for jurisdiction. However, his allegations all involve Defendants allegedly acting under color of state law, such that the only basis for federal jurisdiction would be Section 1983.

2

1    As the Court finds that Plaintiff fails to state a claim for relief, and also finds that there is no subject matter jurisdiction, the instant Complaint is dismissed without prejudice. The Court finds that amendment of the Complaint would be futile as Plaintiff has not remotely identified any claims that would entitle him to relief against the identified Defendants.

Accordingly,

**IT IS ORDERED** that Plaintiff's Application for Leave to Proceed *in forma pauperis* (ECF No. 1) is GRANTED. Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint.

**IT IS FURTHER ORDERED** that the Complaint is DISMISSED without prejudice. The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED this 25th day of July, 2018.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**